JUDGE BAER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 4030**

-------------------------------------------------------------------X
NIDERA SUISSE S.A. and MOUSTAPHA TALL S.A., :
                                             :
                    Plaintiffs,              :       07 CV _____
                                             :       ECF CASE
    - against -                              :
                                             :
GRACIA NAVIGATION LTD. and PRIAMOS           :
MARINE S.A.,                                 :
                                             :       MAY 2 3 2007
                    Defendants.              :
-------------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiffs, NIDERA SUISSE S.A. ("Nidera") and MOUSTAPHA TALL S.A. ("Moustapha") (hereinafter collectively referred to as "Plaintiffs"), by and through their attorneys, Lennon, Murphy & Lennon, LLC, as and for their Verified Complaint against the Defendants, GRACIA NAVIGATION LTD. (hereinafter "Gracia") and PRIAMOS MARINE S.A. (hereinafter "Priamos") (hereinafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiffs Nidera and Moustapha were, and still are, foreign companies duly organized and operating under foreign law with offices at Av. des Bamettes 7, CH-1020 Renens, Switzerland and Rue Amadou Lakhsane Ndoye, 27, Rue Raffenel, Dakar, Senegal, respectively.

3. Upon information and belief, Defendant Gracia was, and still is, a foreign corporation, or other business entity organized and existing under Maltese law, with an office at

18/2, South Street, Valletta, Malta, and was at all material times the Owner of the M/V GRACIA.

4. Upon information and belief, Defendant Priamos was, and still is, a foreign corporation or other business entity organized and existing under Greek law with a place of business at 72-74 Marathonos Street, 166 73 Panorama Voulas, Athens, Greece, and was at all material times the agent of Defendant Gracia and the manager and operator of the M/V GRACIA.

5. At all material times Plaintiffs were the collective owners of a cargo of 22,100 metric tons of rice loaded on board the M/V GRACIA at Bangkok, Thailand for a voyage and ultimate discharge at Dakar, Senegal.

6. Pursuant to a charter party dated December 11, 2006, Defendant chartered the Vessel to Plaintiff Nidera's agent, Transgrain Shipping B.V.

7. Plaintiffs' rice cargo was loaded on board the vessel at Bangkok and 12 bills of lading (incorporating the terms and conditions of the December 11, 2006 charter party) were issued by or on behalf of the Defendant, all of which were dated February 2, 2007 and note the cargo was loaded "clean on board."

8. The vessel departed Bangkok destined for Dakar, but never arrived. It is believed that the vessel sunk off the coast of Durban, South Africa as her crew were rescued and brought ashore on or about March 4, 2007.

9. Plaintiffs chartered a tug boat, the Tug ZOUROS HELLAS, to search for the vessel to no avail.

10. Plaintiffs' rice cargo was never delivered at Dakar and is presumed to be a total loss, having sunk with the vessel.

11. Defendants failure to deliver the rice cargo at Dakar, Senegal constituted a breach of the 12 February 2, 2007 bill of lading contracts and/or the December 11, 2007 charter party.

12. Pursuant to the Clause 49 of the December 11, 2006 charter party (and as made applicable by incorporation into the 12 bill of lading contracts) all disputes between the parties are to be submitted to arbitration in London with English Law to apply.

13. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law. As best as can now be estimated, Plaintiffs expect to recover the following amounts:

| | | |
|---|---|---|
| A. | Rice cargo: | $8,500,000 |
| B. | Charter of search Tug ZOUROS HELLAS | $755,000 |
| C. | Estimated interest on claims: 2 years at 7%, compounded quarterly | $1,377,900 |
| D. | Estimated attorneys' fees: | $1,000,000 |
| E. | Arbitration costs/expenses: | $75,000.00 |
| Total | | $11,707,900 |

14. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

15. The Plaintiffs seek an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States

Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiffs' claim as described above.

**WHEREFORE**, Plaintiffs prays:

A.  That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*

C.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount of $11,707,900 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.  That this Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

E.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

4

F.  That this Court award Plaintiffs the attorneys' fees and costs incurred in this action; and

G.  That the Plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: May 23, 2007
       New York, NY

                The Plaintiffs,
                NIDERA SUISSE S.A. and
                MOUSTAPHA TALL S.A.

By: _____
Nancy R. Peterson (NP 2871)
Patrick F. Lennon (PL 2162)
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
pfl@lenmur.com
nrp@lenmur.com

5

## ATTORNEY'S VERIFICATION

State of New York  )
                  )  ss.:  Manhattan
County of New York )

1. My name is ~~Patrick F. Lennon~~ Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiffs.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs are that the Plaintiffs are business organizations with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiffs.

7. I am authorized to make this Verification on behalf of the Plaintiffs.

Dated: May ~~22~~ 23, 2007
       New York, NY

                                              _____
                                              Nancy R. Peterson

6